[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Amilcar Irizarry appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the hearing officer admitted in evidence, over the objection of the plaintiff, the report of the police officer who had arrested the plaintiff on the charge of driving under the influence of alcohol. The report was on the A-44 report form, which had been approved by the department of motor vehicles, and on separate sheets of paper containing the officer's report in narrative form. The plaintiff's objection focused on the narrative report. He claimed that it is hearsay, that it is not signed under oath or penalty of false statement, that the appropriate box was not checked on the A-44 form, and that the narrative report lacks reliability.
The hearing officer overruled the plaintiff's objection. The hearing officer made the factual findings that the narrative report, although a copy, was physically attached to the original A-44 form, that it bears the same case name and number as appears on the A-44, and that it was signed by the same police officer who arrested the plaintiff and signed the A-44. The hearing officer concluded that it was subject to the same oath requirements as the A-44 and that it was essentially part of that form and admissible on the same basis.
The police report — that is, the A-44 form and the CT Page 7126 attached narrative report — was the only substantive evidence offered at the hearing. The plaintiff was present but did not testify or offer any evidence. Subsequently, the hearing officer rendered his final decision, finding the issues adverse to the plaintiff, including the determination that the police had probable cause to arrest him on the drunk driving charge.
The sole basis of the plaintiff's appeal is that the hearing officer wrongly admitted the narrative police report in evidence. He argues further that, without that report, there is insufficient evidence to support the hearing officer's finding that the police had probable cause to make the arrest.
General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 permit the admission of the police report on a form approved by the department of motor vehicles The department has approved the A 44 form. That form provides in the instructions to the reporting police officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement."
Although the provisions of the statute and regulations and the instructions on the A-44 form do not establish irrebuttably that any papers attached to the A 44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity.
In the present case, there was no evidence that the supplement to the A 44 form, which the hearing officer found to have been signed by the arresting police officer, was not exactly what it purported to be, a narrative explanation of the incident described in the A 44 form. Furthermore, the particular circumstances of this case — that the narrative form came attached to the A-44 form, that the narrative form bears the same name and case numbers as the A-44 form, and that it is signed by the same police officer — all support the conclusion that the narrative report is apart of the A-44 and subject to the same oath requirements. Under these circumstances, the fact that the police officer did not check CT Page 7127 the appropriate box in the A-44 form is not sufficient basis for the court to reverse the hearing officer's decision to admit the report in evidence.
The court's conclusion in this case is not inconsistent with the court's earlier decision in Zabawar v. Commissionerof Motor Vehicles, Superior Court, judicial district of Hartford/New Britain, Docket No. CV94 070 51 52 (March 9, 1995), cited by the plaintiff. In that case, the papers purporting to be the police officer's narrative report were not signed by that officer. In this case, the police officer signed the report in question, thus providing the necessary element of reliability.
Nor is this decision inconsistent with the court's decision in Cerrigione v. Commissioner of Motor Vehicles,
Superior Court, judicial district of Hartford/New Britain, Docket No. CV94 070 54 06 (May 3, 1995). In that case, the box on the A-44 form concerning certification of the machine and operator and the testing of the machine was not checked by the police officer who signed the form. The court noted that there was no other evidence of certification or testing, and the court sustained the plaintiff's appeal on the basis that there was no evidence that the testing procedure yielded results that were reliable. Unlike the situation in Cerrigione, in this case there is indisputable evidence that the statement associated with the box in question is true; that is, that supplemental pages are attached. That evidence, of course, is that such pages are in fact attached to the A-44. The actual attachment of the pages is sufficient proof that the officer meant to do so and that the failure to check the appropriate box was an oversight of little significance.
The facts set forth in the A-44 and the narrative supplement provide ample support for the hearing officer's finding that the police had probable cause to arrest the plaintiff.
The appeal is dismissed.
MALONEY, J. CT Page 7128